UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-222-GWU

JERRY W. NAPIER, JR.,                                                    PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.

## INTRODUCTION

Jerry Napier brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits (DIB) and for Supplemental Security Income (SSI).  The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to

1

07-222  Jerry W. Napier, Jr.

Step 4.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled.  If no, proceed to Step 6.  See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

07-222  Jerry W. Napier, Jr.

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not

3

07-222  Jerry W. Napier, Jr.

serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563

4

07-222  Jerry W. Napier, Jr.

provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry

07-222  Jerry W. Napier, Jr.

small articles and an occasional amount of walking and standing.  20 C.F.R. §
404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly
diminishes his capacity to work, but does not manifest itself as a limitation on
strength, for example, where a claimant suffers from a mental illness . . .
manipulative restrictions . . . or heightened sensitivity to environmental
contaminants . . . rote application of the grid [guidelines] is inappropriate . . ."
Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional
impairment is significant, the Commissioner may still use the rules as a framework
for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e);
however, merely using the term "framework" in the text of the decision is insufficient,
if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.
In such cases, the agency may be required to consult a vocational specialist.
Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial
evidence to support the Commissioner's decision may be produced through reliance
on this expert testimony only if the hypothetical question given to the expert
accurately portrays the plaintiff's physical and mental impairments.  Varley v.
Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Napier, a former clerk,
pizza deliverer, photographer, and security guard, suffered from impairments related

6

07-222  Jerry W. Napier, Jr.

to insulin-dependent diabetes mellitus with peripheral neuropathy, mild levoscoliosis of the lumbar spine, sacroiliac arthralgia, controlled hypertension, a history of back/neck/shoulder pain, lumbar sprain/strain, complaints of headaches, and sleep disturbance.  (Tr. 377-378, 382).  Despite the plaintiff's impairments, the ALJ determined that the plaintiff retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 380-381).  Therefore, the claimant could not be considered totally disabled.  (Tr. 383).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Napier could return to his past relevant work, the ALJ relied heavily upon the testimony of Vocational Expert James Miller.  The hypothetical question presented by the ALJ included an exertional limitation to medium level work along with such non-exertional restrictions as an inability to ever climb ladders, ropes or scaffolds and an inability to more than occasionally balance, stoop, crouch, crawl, kneel or climb stairs.  (Tr. 1122).  In response, Miller testified that Napier's past work could still be performed.  (Id.).  Therefore, assuming that the vocational factors considered by the vocational expert fairly characterized the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

7

07-222  Jerry W. Napier, Jr.

The hypothetical question fairly depicted Napier's condition as required by Varley.  The plaintiff was found capable of performing a restricted range of medium level work in an administrative decision which became final on February 5, 2002. (Tr. 11-18).  These restrictions included a limitation to medium level work along with such non-exertional limitations as an inability to ever climb ladders, ropes or scaffolds as well as an inability to more than frequently balance, stoop, crouch, crawl or climb stairs or ramps.  (Tr. 17).  Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application.  Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997).  Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . . ."  The ALJ's findings of a restricted range of medium light level work is in accord with these directives.[1]

The hypothetical question was consistent with the physical limitations identified by Dr. Jorge Baez-Garcia (Tr. 841-849) and Dr. James Ross (Tr. 880-888), the non-examining medical reviewers.  Such treating and examining sources

---

[1]The hypothetical question actually included a more severe restriction on balancing, stooping, crouching, crawling and climbing stairs, i.e., no more than occasionally rather than no more than frequently as found in the February, 2002 opinion. However, any error would appear harmless.

07-222  Jerry W. Napier, Jr.

of record as Dr. Bobby Kidd (Tr. 795-800), the staff at the Pain Management Medicine (Tr. 803-816, 985-991), the staff at the Baptist Regional Medical Center (Tr. 817-819), the staff at the Mountain Comprehensive Health Corporation (Tr. 820-840, 890-897), and the staff at Appalachian Regional Healthcare (Tr. 992-1060) all saw the claimant during the time period relevant to this appeal and, did not identify the existence of more severe physical limitations than those found by the ALJ.[2]  In connection with the current appeal, the plaintiff submitted a number of medical records dated before his alleged onset date of July 10, 2004 which also did not identify the existence of more severe functional limitations than those found by the ALJ, including reports from the staff of Pain Management Medicine (Tr. 542-694), the staff of the Plateau Medical Center (Tr. 695-715, 898-984), the staff of the Baptist Regional Medical Center (Tr. 716-762, 772-794), and the staff at the New River Health Association (Tr. 763-771).  Psychologists Stephen Scher (Tr. 850) and Jay Athy (Tr. 865) each reviewed the record and opined that the medical evidence did not suggest the existence of a "severe" mental impairment.  These reports provide substantial evidence to support the administrative decision.

Napier asserts that the prior ALJ found that he did not suffer from a "severe" impairment and that the current ALJ erroneously relied upon Drummond to find that

_____

[2]The time period pertinent to this DIB application runs from the plaintiff's alleged onset date of July, 10, 2004 (Tr. 434) through the July 24, 2006 date of the ALJ's final decision.

07-222  Jerry W. Napier, Jr.

he did not have a "severe" impairment.  The claimant's assertion that neither ALJ found that he suffered from a "severe" impairment is erroneous.  As previously noted, the current ALJ found insulin-dependent diabetes mellitus with peripheral neuropathy, mild levoscoliosis of the lumbar spine, sacroiliac arthralgia, controlled hypertension, a history of back/neck/shoulder pain, lumbar sprain/strain, complaints of headaches, and sleep disturbance all to be "severe" impairments.  (Tr. 377-378).  The ALJ in the February, 2002 opinion also identified "severe" impairments.  (Tr. 15, 17).  Thus, the court must reject this argument.

Napier argues that the ALJ erred in failing to find that the current evidence indicated a deterioration in his condition since the prior denial decision asserting that his diabetes condition alone would limit him to no more than sedentary level work.  The court notes that no physician of record identified the existence of more severe functional limitations than those found by the ALJ.  The plaintiff notes a number of diagnoses which he has received during the current time frame, including diabetic ketoacidosis, mild levoscoliosis of the lumbar spine, sacroiliac arthralgia, hypertension, depression, back, neck and shoulder pain, lumbar sprain/strain, headaches and sleep disturbance.  The mere diagnosis of a condition does not prove its severity and its disabling effects must still be shown.  Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988).  Therefore, the undersigned rejects the claimant's argument.

10

07-222  Jerry W. Napier, Jr.

Napier also alleges that the ALJ erred in failing to find that he met or equaled the requirements of § 9.08 of the Listing of Impairments.  This Listing requires a claimant to show:

> A. Neuropathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dextrous movements or gait and station; or
> B. Acidosis occurring at least on the average of once every 2 months documented by appropriate blood chemical tests (pH or $PCO_2$ or bicarbonate levels); or
> C. Retinitis proliferans; evaluate the visual impairment under the criteria in 2.02, 2.03, or 2.04).

20 C.F.R. Part 404, Subpart P, Appendix 1, § 9.08.  The plaintiff has not presented any specific arguments as to how these Listing requirements have been met or equaled.  While diabetic neuropathy has been diagnosed, he has not demonstrated sustained disorganization of motor function in two extremities.  Dr. Kidd noted that he ambulated with a normal gait.  (Tr. 796).  The claimant notes that he was treated for diabetic ketoacidosis on two occasions--in February of 2006 at the Appalachian Regional Hospital (Tr. 1052-1060), and in May, 2003 at the Plateau Medical Center (Tr. 928-984).  These incidents did not occur with the frequency to meet the Listing and one occurred well before the claimant's alleged onset date.  Finally, the plaintiff has not alleged any vision difficulties.  Neither Dr. Baez-Garcia nor Dr. Ross,  the medical reviewers, thought that a Listing had been met or equaled.  (Tr. 841-849, 880-888).  Therefore, the court finds no error.

11

07-222  Jerry W. Napier, Jr.

Napier argues that the ALJ did not properly evaluate his subjective pain complaints.  Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986):  there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Napier was found to be suffering from a potentially painful condition.  However, even if he could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs.  An x-ray of the lumbar spine obtained by Dr. Kidd revealed only mild levoscoliosis.  (Tr. 800).  Dr. Kidd found no evidence of muscle atrophy or weakness upon physical examination.  (Tr. 798).  A chest x-ray in August of 2005 was normal.  (Tr. 1000).  In February, 2006, x-rays of the left hand revealed no bony abnormality.  (Tr. 1043).  Despite his numerous complaints, no physician ever imposed more severe functional limitations than those found by the ALJ.  Thus, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain.  Therefore, the ALJ would appear to have properly evaluated Napier's pain complaints.

12

07-222  Jerry W. Napier, Jr.

The court notes that Napier submitted additional medical records directly to the Appeals Council which were never seen by the ALJ.  This action raises an issue concerning a remand for the taking of new evidence before the Commissioner. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993).

A court may order additional evidence be taken before the Commissioner, " . . .but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."  42 U.S.C. § 405(g).  The statute provides that a claimant must prove that the additional evidence is both material and that good cause existed for its not having been submitted at an earlier proceeding. Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 710 (6th Cir. 1988).   In order to demonstrate "materiality," a claimant must show that a reasonable probability exists that the Commissioner would have reached a different conclusion if originally presented with the new evidence.  Sizemore, 865 F.2d at 711.  Thus, the new evidence must be "material" and "good cause" must be shown why it was not previously submitted.

The medical records with which Napier seeks a remand of the action include treatment notes from Pain Management Medicine dated between December, 2005 and June, 2006 (Tr. 1079-1085), a report from Dr. Ziad Sara dated June, 2006 (Tr. 1086-1089) and treatment notes from the Cumberland River Comprehensive Care Center (Tr. 1090-1103).  The plaintiff has offered no explanation as to why such or

13

07-222  Jerry W. Napier, Jr.

similar evidence was not obtained prior to the issuance of the ALJ's final decision on July 24, 2006.  These additional records do not identify the existence of more severe functional limitations than those found by the ALJ.  Therefore, the claimant has failed to meet either the "good cause" or "materiality" requirements and, so, a remand for the taking of new evidence is not appropriate.

After a review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 23rd day of April, 2008.

**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**

14